**William Mack, Plaintiff-Appellant, v. Kenneth Davis, Defendant-Appellee.**

**Gen. No. 65–145.**

Second District.

November 2, 1966.

Jurco, Damisch & Sinson, of Chicago (John D. Damisch and James R. Mitchell, of counsel), for appellant.

O'Brien, Burnell, Puckett & Barnett, of Aurora, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

Leon Mack brought this suit as father and next friend of his son, William Mack, then a minor and now an adult, and herein called plaintiff, to recover for injuries sustained by the latter while driving a tractor for, and owned by, the defendant, Kenneth Davis. The jury returned a verdict for the defendant. The court entered judgment on the verdict and the plaintiff appealed.

The plaintiff was injured on June 27, 1961 and at the time was 17 years of age. He had previously done very little farm work and, for all practical purposes, was completely inexperienced in operating a tractor. He had a driver's license and was familiar with the operation of an automobile.

The injury occurred the first day the plaintiff worked for the defendant on the latter's farm. The defendant told the plaintiff to drive the tractor approximately one-half mile down to the field where he would rake hay and gave the plaintiff no instructions or warnings as to the

operation of the tractor. The plaintiff started the tractor, drove it to the field, and spent the remainder of the morning pulling a hay rake behind the tractor.

The plaintiff drove the tractor back to the farmhouse at noon and after lunch he drove the tractor back to the field. En route to the field, while driving down a paved highway at about ten to twelve miles an hour and as he approached the gravel driveway which entered the field, he pushed the throttle in, applied the brakes and turned the wheels to the right. He testified that he felt "a slight whipping motion" and had the sensation of falling forward. The next thing the plaintiff remembered was that he was sitting on his leg on the gravel drive—injured.

The tractor was a "tricycle" type, with the two front wheels close together. There was evidence from which the jury could have found that the steering mechanism was loose and that the play in the steering wheel was such that it could be turned almost 90° before the front wheels would respond. The tractor was equipped with individual brake pedals so that the brakes could be applied on one wheel or the other for turning. The brake pedals could also be locked together by a bar so that if either pedal was depressed the brakes theoretically would be applied evenly to both wheels so that they would not cause the tractor to turn.

At the time of the injury, the two brake pedals were securely locked together by the connecting bar. There was evidence from which the jury could have found that the connecting bar was worn; and that the pedal for the left wheel had to be depressed somewhat further than the right one before it would brake the wheel. There was no evidence that the brakes had ever been adjusted.

The plaintiff contends that the trial court erred in certain evidentiary rulings and in the refusing and giving of certain instructions.

As to the evidentiary rulings, the plaintiff contends that the court erred in refusing to permit an answer to a

hypothetical question calling for an opinion as to what type of action the tractor would take, under the stated assumed facts relative to the condition of the steering and brakes of the tractor and the driving conditions at the time of the accident. The defendant objected to the question but stated no grounds for the objection. The court sustained the objection and, when counsel asked for the basis for the objection, the court refused plaintiff's request to have defendant specify his objections.

■ The plaintiff was entitled, upon request, to have the defendant specify the grounds for the objection to the hypothetical question. We are not certain of the trial court's basis for excluding the answer, and obviously, neither was the plaintiff. Unless it is apparent that the reason for the exclusion of the evidence cannot be overcome, the grounds should be specified so that the aggrieved party may be given the opportunity to obviate the objection. Wright v. Smith, 82 Ill 527, 528 (1876); People v. Edward Merrill, 76 Ill App2d 82, 221 NE2d 145; Callaghan's Ill Evid, Vol 6, § 16.07.

■ If the defendant intended to base his objection on factual elements either improperly included or excluded in the question, it is clear that he waived the error by his failure to specify such elements. Goldberg v. Capitol Freight Lines, 382 Ill 283, 290, 47 NE2d 67 (1943); Smith v. Illinois Valley Ice Cream Co., 20 Ill App2d 312, 321, 156 NE2d 361 (1959); Placher v. Streepy, 19 Ill App2d 183, 190, 153 NE2d 369 (1958).

■ Further, absent specific objection, we believe that the plaintiff was entitled to the benefit of the witness' opinion on the question propounded. The plaintiff produced the witness for the purpose of having him reconstruct, in his opinion, the action which the tractor probably took. The plaintiff—the only occurrence witness—was unable to shed much light on what in fact had occurred. The possible effect of the interaction of the particular manner in which this tractor was operated and

93

turned, with the claimed defects in the tractor under the road conditions specified, was difficult of comprehension and explanation. "(T)he trend is to admit expert testimony in matters which are complicated and outside the knowledge or understanding of the average person, and even as to matters of common knowledge and understanding where difficult of comprehension and explanation." Miller v. Pillsbury Co., 33 Ill2d 514, 516, 517, 211 NE2d 733 (1965). It is still for the jury to accept or reject the opinion testimony.

■ ■ The defendant claims that the witness was not properly qualified as an expert, and that there was not sufficient physical evidence to provide the basic data necessary for the witness to reconstruct and give an opinion as to what happened. Suffice it to say, his general objection to the question was not sufficient to raise these issues. Such objection raised the question of relevancy and materiality only. Johnson v. Bennett, 395 Ill 389, 398, 69 NE2d 899 (1946). Further, it was not necessary to make an offer of proof as to the witness' opinion. Unless the trial court requires counsel to make an offer, such offer is not necessary where a question, in proper form, shows the purpose and materiality of the evidence and admits of an answer relative to the issues. The People v. Moretti, 6 Ill2d 494, 520, 521, 129 NE2d 709 (1955); Creighton v. Elgin, 387 Ill 592, 606, 56 NE2d 825 (1944).

■ The defendant and a neighbor testified as to the results of tests and experiments they made pertaining to the brakes and steering of the tractor. These tests were conducted at the time of the trial—some four years after the incident. It was admitted that the tractor had been continually used during the interim between the incident and trial and that some repair work had been done to "slightly" tighten up the steering. The testimony of the results of the tests was objected to on the grounds that the condition of the tractor at the time of the tests was

not the same as at the time of the incident in question. The court overruled the objection and refused to strike any of the testimony.

While such experiments may be competent, it must be shown that the essential conditions are the same as those existing at the time of the incident. Hammer v. Slive, 35 Ill App2d 447, 454, 455, 183 NE2d 49 (1962). Here, after four years of use and repair to the steering mechanism, the steering and brakes of the tractor were tested. In view of the record before us, it cannot be said that the essential conditions were the same or sufficiently similar to render the results of the test of probative value.

The defendant argues that the difference in the conditions should go merely to the weight to be given the evidence, and cites The People v. Pfanschmidt, 262 Ill 411, 465, 104 NE 804 (1914) ; Hauser v. The People, 210 Ill 253, 263, 264, 71 NE 416 (1904) ; and Downing v. Metropolitan Life Ins. Co., 314 Ill App 222, 226, 227, 41 NE2d 297 (1941). In all of those cases, however, it was found that the essential particulars of the tests were sufficiently similar or identical to those existing at the time in question to render the results of the tests of probative force. Slight discrepancies in the conditions were held to affect the weight of the testimony—not the competency. In the case at bar, the discrepancies are not slight. The repair to the steering alone suggests that the essential conditions are not sufficiently similar to render the tests competent.

The defendant also argues that if the tests are not admissible to indicate the conditions of the tractor existing at the time of the incident in question, they are at least admissible to impeach the plaintiff's witness who testified as to the disrepair of the tractor. There is no indication, however, that the defendant offered this evidence for this limited purpose or that the jury was directed to or would accept it for this limited purpose. The testimony of

the defendant and neighbor as to the tests performed by them on the tractor at the time of the trial, should not have been admitted.

■ The plaintiff also contends that the trial court erred in refusing to give his instruction relative to the standard of care required of the plaintiff, as a minor. The standard of care normally required of a minor is not the same as that required of an adult. Where, however, the minor is engaged in certain activities, such as in the operation of a motor vehicle, the law does not permit him to be judged by any standard other than that expected of all others driving such vehicles. Dawson v. Hoffmann, 43 Ill App2d 17, 20, 192 NE2d 695 (1963); Betzold v. Erickson, 35 Ill App2d 203, 209–211, 182 NE2d 342 (1962). The rationale of these decisions is that the operation of a motor vehicle on public highways is an activity demanding responsibility in conduct, because of the dangers inherent to oneself and others; and that the law cannot fairly permit a minor to observe a lesser standard of care in operating a motor vehicle on a highway than that required of all other drivers. It would be unfair to the public using the streets to permit a double standard of care to be exercised by drivers, one applicable to adults and one applicable to minors. Conway v. Tamborini, 68 Ill App2d 190, 197, 215 NE2d 303 (1966).

■■ However, the activity here involved is not of the same nature as the driving of automobiles on our public streets. The operation of farm tractors is frequently entrusted to minors. The substantial part of the operation is not on public highways and involves no particular hazard or danger to the public generally. Under the circumstances of this case, the plaintiff was entitled to be judged by the standard of care expected of one of his age, experience and intelligence. He was not required to be judged by the same standard as that expected of an adult. We do not feel that the court erred, however, in the instructions given. While the court did not give the

96

instruction tendered by plaintiff, it did instruct the jury that plaintiff was required to exercise only that degree of care to be expected of one of his age, experience and intelligence. It might have been preferable to preface the instruction—as is customarily done—with the sentence, "A minor is not held to the same standard of conduct as an adult." However, under the circumstances, we feel that the jury was aware of the purpose of the instruction and was adequately instructed in this regard. Lau v. West Towns Bus Co., 16 Ill2d 442, 452, 158 NE2d 63 (1959).

██ ██ The plaintiff also contends that the instruction given by the court relative to the assumption of risk was erroneous. An employee, when he engages in employment, assumes "the risks of known dangers, and such as are so obvious that knowledge of their existence is fairly to be presumed." Chicago & E. I. R. Co. v. Heerey, 203 Ill 492, 497, 68 NE 74 (1903); also see: Stone v. Guthrie, 14 Ill App2d 137, 148, 149, 144 NE2d 165 (1957). However, such ordinary risks do not include the negligence of the employer. Klofski v. Railroad Supply Co., 235 Ill 146, 156, 85 NE 274 (1908); Stone v. Guthrie, supra. The employer must use reasonable care to provide for the safety of his employees. If the employer fails to exercise such care, the risks resulting are said to be extraordinary and are not assumed by the employee unless he knows of the risks and understands them, or ought to know and understand them. Wheeler v. Chicago & W. I. R. Co., 267 Ill 306, 319, 108 NE 330 (1915); Olsen v. Pigott, 39 Ill App2d 191, 198, 188 NE2d 361 (1963).

██ ██ The employee thus assumes all ordinary risks and all extraordinary ones of which he knows, or ought to know, and the dangers of which he appreciates, or ought to appreciate and of which he makes no complaint. Stone v. Guthrie, 14 Ill App2d 137, 149, 150, 144 NE2d 165 (1957). It is generally stated that an employee voluntarily assumes the risks resulting from the use of

defective machinery where the defects are as well known to him as to the employer. Clubb v. Main, 65 Ill App2d 461, 469, 213 NE2d 63 (1965). However, he must appreciate the danger and the risk connected therewith, as well as the defect or condition by which the danger is created. Fox v. Beall, 314 Ill App 144, 147, 41 NE2d 126 (1942). A person of sufficient age and experience is chargeable with knowledge of the ordinary risks and hazards of his employment, and will be presumed to have notice of and to have assumed such risks which, to a person of his age and experience, are, or ought to be, obvious. Chicago & E. I. R. Co. v. Heerey, 203 Ill 492, 497, 68 NE 74 (1903).

■ We cannot agree with the plaintiff that the instruction tendered by defendant was inconsistent with the law outlined above. The instruction in no way presupposed that the furnishing of a defective and dangerous tractor might be an ordinary risk assumed by plaintiff. Rather, the instruction presupposed that the furnishing of a defective tractor was an extraordinary risk requiring knowledge by the plaintiff of both the defective condition and the resulting danger or risk. The jury was adequately instructed in this regard.

■ ■ We recognize that a record need not be free from error to warrant the affirmation of a judgment, but we believe that the judgment should be reversed where, as in the case at bar, it cannot be determined from a review of the record whether the effect of the combined evidentiary errors complained of misled the jury and affected its verdict. DeMarco v. McGill, 402 Ill 46, 59, 83 NE2d 313 (1949). Therefore, the judgment must be reversed and the case remanded for a new trial consistent with the views expressed herein.

Reversed and remanded.

MORAN, P. J. and ABRAHAMSON, J., concur.