Sara E. McCann, Plaintiff-Appellee, v. City of Waukegan, a Municipal Corporation, Defendant-Appellant.

Gen. No. 66–150.

Second District.

June 5, 1967.

Runyard, Behanna, Conzelman, Schultz & O'Meara, of Waukegan, for appellant.

Morrison and Nemanich, of Waukegan, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of the 19th Judicial Circuit, Lake County. Sara E. McCann, plaintiff, filed suit against the City of Waukegan, defendant, to recover for personal injuries sustained as a result of falling on a city sidewalk in downtown Waukegan. A jury returned a verdict in favor of plaintiff and judgment was entered thereon. The sole issue in this appeal is whether or not plaintiff was guilty of contributory negligence as a matter of law.

Sara E. McCann, on June 28, 1963, drove her automobile to work in downtown Waukegan. She parked her car in a parking lot off an alley which runs in an easterly direction from County Street. She walked westerly down said alley to a sidewalk on the East side of County Street. She turned South and walked to the Southeast corner of County and Washington Streets. On reaching the corner she turned and walked East on the sidewalk on the North side of Washington Street. After she passed the front of a real estate office located on the corner, she stepped, with her right foot, into a hole in the sidewalk and fell, sustaining severe injuries. The hole into which plaintiff stepped was one of several in this section of the sidewalk. It had been there for some three to four years. She had walked this sidewalk every working day for approximately three years and was well aware of the defective condition of the sidewalk. According to plaintiff's testimony, the hole into which she stepped was about a depth equal to the height of her low stacked heel. There were no eyewitnesses to the plaintiff's fall. Her testimony in part is as follows:

"Q. You walked this route five or six times a week for three years prior to the accident, didn't you?

"A. Every day, the five days that I would be working."

. . . . . .

"Q. And you had knowledge of these holes being in the sidewalk then for about three years?
"A. Yes, sir."

. . . . . .

"Q. Do you recall where you were looking at the time that you fell?
"A. Straight ahead.
"Q. Pardon me?
"A. I think that I was looking straight ahead.
"Q. So before you fell you didn't see or look at the hole which caused your fall, did you?
"A. No, I didn't."

The following Special Interrogatory was submitted to the Jury:

"Was the Plaintiff at the time of the occurrence in question using ordinary care for her own safety?"

The jury answered this Interrogatory "Yes."

The plaintiff was 63 years of age at the time of the occurrence; she had formerly operated a beauty shop but had, for approximately three years, been employed as an assistant and office help to a doctor whose office was a short distance from the scene of the occurrence.

Contributory negligence is nothing more than negligence on the part of the plaintiff and the rules of law applicable to negligence of a defendant are likewise applicable to the contributory negligence of a plaintiff. In general, the question of negligence is one of fact. Village of Clayton v. Brooks, 150 Ill 97, 105, 37 NE 574. The use of a defective sidewalk by a person who has knowledge of the defect is not contributory negligence per se, and if,

287

while walking upon that sidewalk, such person is in the exercise of ordinary care for his or her safety, there may be a recovery. Ordinary care is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. Swenson v. City of Rockford, 9 Ill2d 122, 127, 128, 136 NE2d 777.

The defendant, without the citation of any cases, contends that where a pedestrian knows of a dangerous condition of a sidewalk, the degree of care required is greater than that required of a pedestrian without such prior knowledge; and, therefore, must prove some positive or affirmative act of care not required of the ordinarily prudent pedestrian who is without knowledge of the defect. We cannot accept this contention because the element of prior knowledge is only one of a series of circumstances which must be taken into consideration by the jury in reaching its verdict. As we pointed out in Sterba v. First Federal Savings & Loan Ass'n, 77 Ill App2d 380, at p 385, 222 NE2d 547, where the negligence of the plaintiff, if any, has been put to the jury, we cannot say as a matter of law that the thirteen persons, the twelve jurors who heard the evidence and the judge who, having heard the evidence, denied the post-trial motion attacking the verdict were unreasonable in reaching the conclusion that plaintiff was not guilty of contributory negligence. Since, in this case, the defendant put a Special Interrogatory to the jury asking whether plaintiff was contributorily negligent and since the jury specifically found no contributory negligence, we cannot conclude that the jury did not weigh all of the evidence as to whether or not plaintiff in this case acted with the reasonable care that a prudent person ordinarily would exercise under the same circumstances.

Judgment affirmed.

DAVIS, P. J. and MORAN, J., concur.