THOMAS PERRICONE, a Minor, by CHARLOTTE PERRICONE, His Mother and
Next Friend, Plaintiff-Appellant, *v.* CONNIE DIBARTOLO, Defendant-
Appellee.

(No. 56017;

First District (3rd Division)—September 20, 1973.

Leon C. Wexler, of Chicago, for appellant.

Tim J. Harrington and A. J. Petrucelli, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

The plaintiff, Thomas Perricone, an eighth-grade grammar school student, 13 years and 10 months of age, brought this action for injuries which he sustained in a collision between his gasoline-powered minibike and the automobile of the defendant, Mrs. Connie DiBartolo. After his case had been presented to the jury, the trial judge directed a verdict for Mrs. DiBartolo on the basis that he was, as a matter of law, guilty of contributory negligence. In this appeal the plaintiff contends the following: the rule holding a minor who operates a motor vehicle to an adult standard of care does not apply if, before an accident, the driver of the second vehicle can see that a minor is operating the first vehicle; the culpability of a minor is an issue for the jury's determination, and conflicting evidence and inferences to be drawn from the evidence presented a jury question as to whether the plaintiff was contributorily negligent.

Perricone was engaged in a race between his minibike and one operated by Michael Brauder, on the south sidewalk of Sunnyside Avenue, in the Village of Norridge, about 5:00 P.M. in April 1969. The youths were racing in a westerly direction with Perricone on the street side of the sidewalk. Mrs. DiBartolo, a housewife, who lived on the south side of Sunnyside was returning from a shopping trip and was driving her automobile west on that street. As she made a left turn into her driveway, Perricone's minibike collided with her car. He was thrown from his bike and his right femur was fractured.

Perricone testified that he and Brauder had started racing up and down the block upon returning from school that afternoon. Many of the homes on the extra long block had driveways which crossed the sidewalk. His bike had a two and a half horsepower engine and a top speed of 25 miles an hour; it made a noise similar to an electric grass cutter. It had disc brakes and at top speed could be stopped in about 40 feet. Brauder's bike was larger, had a more powerful motor and made more noise. They were racing from the street on the east to Brauder's home which was the second house from the corner of the cross-street to the west. The DiBartolo house was next to Brauder's home—three doors from the corner.

During the race Perricone had been going 25 miles an hour but he said he turned down his throttle to half speed when he approached Brauder's home. He was looking to the left and straight ahead in order to avoid little children. Although he said it was still daylight and there were no cars parked along the curb, he did not see the DiBartolo car until it was in the driveway, three-quarters across the sidewalk and about five feet in front of him. The sidewalk was dry and he attempted to stop, but it was too late and he ran into the auto and flew to the ground.

Mrs. DiBartolo was called as a witness by the plaintiff pursuant to section 60 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 60). She said that when she made a left-hand turn onto Sunnyside she did not notice any minibikes. She drove west on Sunnyside and came to a stop before turning south into her driveway; she looked to the left but saw and heard nothing. As she entered the driveway she again looked to the east; except for a neighbor working on his lawn, she saw no one. She made another stop as she came to the sidewalk and looked to her left to see if any children were about, but she saw nobody on the walk. As her car moved forward onto the sidewalk she heard a noise she did not recognize; she stopped her car immediately and the collision occurred.

Michael Brauder, the other participant in the race, did not testify.

The emphasis of both parties in this appeal is upon the question of young Perricone's contributory negligence. Mrs. DiBartolo, however, makes the additional point that the directed verdict was proper because

of the plaintiff's failure to present a prima facie case of her negligence.

Mrs. DiBartolo was charged with driving onto a sidewalk without stopping and failing to keep a proper lookout and to blow her horn. The plaintiff presented no direct evidence on the first three allegations of negligence. The only testimony about these allegations was that of the defendant herself which completely exonerated her of negligence. But because of Perricone's testimony that the motorbikes were racing on the sidewalk for almost a full block before the accident and because of the noise they made, an inference could be drawn that if Mrs. DiBartolo had looked to the left, as often as she said she did, she would have seen the bikes and if she had maintained a proper lookout she would have heard them. There was evidence as to the last allegation—failing to sound her horn or other warning device: Perricone testified that he did not hear a horn before he collided with the defendant's auto. Mrs. DiBartolo never said she sounded her horn and, of course, if she saw no one in sight there was no reason for her to do so; and if she had, it would be doubtful if Perricone would have heard it above the noise of the motors on his and Brauder's bikes. The evidence on the look-out and horn-blowing issues was sufficient to require their submission to the jury.

█ █ In an action predicated on negligence, the plaintiff must plead and prove the exercise of due care for his own safety. Whether the evidence establishes his due care must be determined from the facts of each case. (*Murad v. Witek* (1964), 48 Ill.App.2d 137, 199 N.E.2d 809.) In Illinois law there is a presumption that a child between the ages of seven and fourteen is incapable of negligence. (*Strasma v. Lemke* (1969), 111 Ill.App.2d 377, 250 N.E.2d 305.) This presumption can be rebutted by showing that a child between these ages has the mental capacity and experience to act negligently. (*Piechalak v. Liberty Trucking Co.* (1965), 58 Ill.App.2d 289, 208 N.E.2d 379.) A child in this age bracket is not held to the same accountability as an adult; the question of his culpability is one of fact and must be left to the jury to determine, taking into consideration his age, capacity, intelligence and experience. (*Dickeson v. Baltimore & O. Term. R.R. Co.* (1969), 42 Ill.2d 103, 245 N.E.2d 762; *Kronenberger v. Husky* (1967), 38 Ill.2d 376, 231 N.E.2d 385.) If this case were limited to these legal principles, the jury should have been allowed to decide whether Perricone, who was two months from his fourteenth birthday, was contributorily negligent. However, our mechanical age has produced a noteworthy exception which the trial court applied to this case.

█ █ It has been held that when a minor is engaged in certain activities, such as the operation of a motor vehicle, the law does not permit him to be judged by any standard other than that expected of all others who en-

gage in the same activities. In *Betzold v. Erickson* (1962), 35 Ill.App.2d 203, 182 N.E.2d 342, the court held the defendant, a 13-year-old boy who drove a pickup truck on a country road, to the standard of care required of licensed drivers. It approved the following language from *Dellwo v. Pearson* (1961), 259 Minn. 452, 107 N.W.2d 859, which involved the operation of a motor boat by a 12-year-old defendant:

> "To give legal sanction to the operation of automobiles by teenagers with less than ordinary care for the safety of others is impractical today, to say the least. We may take judicial notice of the hazards of automobile traffic, the frequency of accidents, the often catastrophic results of accidents, and the fact that immature individuals are no less prone to accidents than adults. While minors are entitled to be judged by standards commensurate with age, experience, and wisdom when engaged in activities appropriate to their age, experience, and wisdom, it would be unfair to the public to permit a minor in the operation of a motor vehicle to observe any other standards of care and conduct than those expected of all others. A person observing children at play with toys, throwing balls, operating tricycles or velocipedes, or engaged in other childhood activities may anticipate conduct that does not reach an adult standard of care or prudence. However, one cannot know whether the operator of an approaching automobile, airplane, or powerboat is a minor or an adult, and usually cannot protect himself against youthful imprudence even if warned. Accordingly, we hold that in the operation of an automobile, airplane, or powerboat, a minor is to be held to the same standard of care as an adult."

In *Dawson v. Hoffmann* (1963), 43 Ill.App.2d 17, 192 N.E.2d 695, this court held that reversible error was committed by the trial court's instructing the jury that a 17-year-old defendant, who struck a pedestrian while driving an automobile, was not held to the same standard of care as an adult. The Appellate Court reasoned:

> "Minors are entitled under the law to be judged by standards commensurate with their age, experience and wisdom when engaged in activities appropriate to their age, experience and wisdom, but it would be unfair to the public to permit a minor in the operation of a motor vehicle to observe any other standard of care and conduct than that expected of all others. The law will not countenance the adoption of a double standard of care to be exercised by the drivers of motor vehicles."

See also *Ryan v. C & D Motor Delivery Co.* (1962), 38 Ill.App.2d 18, 186 N.E.2d 156.

Perricone has countered the exception to the general rule with the argument that he was operating an open vehicle and was doing so on a sidewalk instead of a public highway. Support for his argument is premised upon the case of *Conway v. Tamborini* (1966), 68 Ill.App.2d 190, 215 N.E.2d 303. In *Conway* a 14-year-old boy was struck by an automobile while he was riding his bicycle on a gravel road. The defendant, who had seen him from 300 feet away, hit him from behind. The appellate court refused to apply an adult standard of care to the boy and distinguished *Betzold v. Erickson; Dawson v. Hoffmann* and *Ryan v. C & D Delivery Co.* on the basis that these cases involved motor vehicles driven by a minor while Conway was riding a bicycle. A further distinction was made between the visibility of a bicycle rider and the operator of an enclosed vehicle such as a truck or automobile. The court stated that other motorists cannot determine if the operator of an oncoming truck or auto is a minor and thus guard against youthful imprudence, whereas in *Conway* the defendant motorist had observed the cyclist for a distance of 300 feet and could see that he was a boy and should have acted accordingly.

In the case of *Mack v. Davis* (1966), 76 Ill.App.2d 88, 221 N.E.2d 121, a 17-year-old farm worker was injured when the tractor he was driving made a whipping motion and threw him to the ground. He claimed the tractor was defective and sued its owner. This court held that the plaintiff's activity was not of the same nature as the driving of automobiles on public streets and that he was entitled to be judged by the standard of care expected of a person of his age, experience and intelligence. We noted the unfairness of having two standards of care for those who operate motor vehicles on highways, one for adults and a lesser one for minors, and spoke of the reasoning behind the exception to the two-standard rule.

> "The standard of care normally required of a minor is not the same as that required of an adult. Where, however, its minor is engaged in certain activities such as in the operation of a motor vehicle, the law does not permit him to be judged by any standard other than that expected of all others driving such vehicles. [Citations.] The rationale of these decisions is that the operation of a motor vehicle on public highways is an activity demanding responsibility in conduct, because of the dangers inherent to oneself and others; and the law cannot fairly permit a minor to observe a lesser standard of care in operating a motor vehicle on a highway than that required of all other drivers. It would be unfair to the public using the streets to permit a double standard

of care to be exercised by drivers, one applicable to adults and one applicable to minors."

■■ We are in accord with the trial court's decision that Perricone should be held to an adult standard of care. He was operating a motor vehicle and under the circumstances of the operation it made no difference that it was a minibike rather than a truck, automobile or motorboat; it was a motorized vehicle capable of such speeds that its use required skill and the utmost caution; it was being driven on a public thoroughfare; even the normal operation of a minibike on a sidewalk in a residential area endangers the general public; people customarily walking on or crossing a sidewalk do not anticipate that motor-driven vehicles will be racing on it, and such conduct is not the normal childhood activity in respect to type and place that a pedestrian or motorist would expect.

■■ The remaining issue is whether Perricone was guilty of contributory negligence as a matter of law. According to his own testimony, he had been traveling at the rate of 25 miles an hour and was going 12 or 13 miles per hour, which is approximately 18 feet per second, immediately before the collision. Driving a minibike on a public sidewalk at excessive speeds is reckless conduct which brings the possibility of imminent harm to people on the sidewalk and to those crossing it. Racing such vehicles on a sidewalk is doubly hazardous; it shows a conscious indifference for the rights and safety of others. Perricone knew that cars crossed the sidewalk while entering or leaving driveways, yet he did not discover that the DiBartolo automobile was crossing his pathway until he was five feet from it—he was so intent on winning the race that he was oblivious to an automobile looming ahead of him. His speed was so great that he could not stop when he finally glanced ahead. He ran into the left front fender of the auto, the auto did not hit him. He violated an ordinance which prohibited driving a vehicle within a sidewalk area. (Municipal Code of the Village of Norridge, 1952, ch. 14, sec. 47.) These uncontradicted facts uphold the conclusion that the collision would not have happened if it were not for his own negligence.

All of the evidence on the issue of Perricone's negligence when viewed most favorably to him so overwhelmingly favored Mrs. DiBartolo that no verdict against her could be permitted to stand. The trial court correctly allowed the defendant's motion for a directed verdict at the close of the plaintiff's case. The judgment is affirmed.

Judgment affirmed.

McNAMARA and McGLOON, JJ., concur