DORA OGLESBEE, Plaintiff-Appellant, *v.* WILLIAM NATHAN *et al.*, Defendants-Appellees.

(No. 72-169;

Second District—October 9, 1973.

Charles M. Zimmerman, of Juergensmeyer Law Offices, of Elgin, for appellant.

Geister, Schnell, Richards & Brown, of Elgin, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The plaintiff, Dora Oglesbee, brought suit to recover for injuries sustained as a result of tripping over a cement parking bumper, which she alleged had deteriorated to a hazardous condition, in defendants' parking lot. Plaintiff named as defendants, William Nathan, the owner of the parking lot, and Ted Ickel, and Mr. and Mrs. John Hale, d/b/a "Speed Wash Norge Coin Operated Cleaners" (hereinafter referred to as laundromat), as lessees of the parking lot. The Kane County circuit court granted defendants' motions for summary judgment and denied plaintiff's motion to vacate. Plaintiff appeals.

The issues presented in this appeal are whether there is a genuine issue as to any material facts which relate to the question of contributory negligence, and whether plaintiff was guilty of contributory negligence as a matter of law. Proper determination of these issues requires consideration of the essential facts.

The plaintiff had used the laundromat parking lot some thirty times prior to the date of her accident. On the day of this occurrence she parked her car in the laundromat parking lot and took her laundry inside. While her clothes were washing, she returned to clean the windows of her car. After she completed this task, plaintiff alighted from the passenger side of her car and proceeded toward the sidewalk that led to the laundromat entrance. As she reached the sidewalk her left foot came in contact with a portion of the cement parking bumper which was in front of her car and extended out from the car's right front tire. She tripped and fell, breaking several bones in her left foot.

The trial court considered three separate defense motions for summary judgment. In passing on the motions of defendants, William Nathan and Ted Eichholz (sued herein as Ted Ickel), the court had before

it the pleadings and affidavits of the defense attorneys which consisted of plaintiff's entire pretrial discovery deposition. Plaintiff did not file a counter-affidavit at this hearing. In her deposition plaintiff was asked whether she had seen the cement parking bumper "just prior to the time" her foot came in contact with it. Plaintiff responded that she "must have seen it." Based on this portion of her deposition, and the record as a whole, the trial court found the plaintiff guilty of contributory negligence as a matter of law and entered summary judgment in favor of defendants, Nathan and Eichholz.

Plaintiff thereafter filed a timely motion to vacate this order. In support of her motion to vacate, the trial court allowed plaintiff to file an affidavit wherein she affirmatively stated that the answer in her deposition, referred to above, did not relate to the instant of time just prior to the moment she tripped. Plaintiff further stated that although she did see the parking bumper on the day she fell, she did not see it either immediately before she tripped over it or just after she alighted from her car after cleaning its windows. The trial court denied plaintiff's motion to vacate the summary judgment order.

At this same hearing, the remaining two defendants, John Hale and Nancy Hale (sued herein as Mr. and Mrs. John Hale), presented their motions for summary judgment based on the fact that summary judgment had previously been entered in favor of defendants, Nathan and Eichholz. Plaintiff's counter-affidavit in response to the Hales' motion was the same as the one she had filed along with her motion to vacate the previous order of summary judgment. The trial court granted the Hales' motion for summary judgment, again finding plaintiff guilty of contributory negligence as a matter of law.

Section 57 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 57) provides that a summary judgment should be rendered if the pleadings, depositions and admissions on file, together with any affidavits, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

■■ The principles established with respect to summary judgment are well defined. Although summary judgment is a procedure to be encouraged, it is a remedy to be cautiously awarded. Summary judgment should never be awarded where its effect will foreclose a party from presenting the factual basis of his case where a material dispute may exist. Such an effect would preempt a party's right to have the material factual dispute determined by the trier of fact. *Lumbermens Mutual Casualty Co. v. Poths* (1968), 104 Ill.App.2d 80, 243 N.E.2d 40.

■■ The proper province of the court in a summary judgment proceed-

ing is to determine whether a genuine issue of fact exists. If the court determines there is such an issue of fact the motion should be denied, and the right of a trial by jury as to that issue should not be preempted by the court. In *Ruby v. Wayman* (1968), 99 Ill.App.2d 146, 150, 240 N.E.2d 699, 701, this court stated:

> "In making the above determination on a motion for summary judgment, the court must construe the pleadings, depositions and affidavits most strictly against the moving party and most liberally in favor of the opponent."

A case similar to the one before us is found in *Wegener v. Anna* (1973), 11 Ill.App.3d 316, 296 N.E.2d 589. The court in that case is in accord with our ruling herein.

■■ Considering these principles. We believe that the trial court should have vacated its summary judgment order in favor of defendants Nathan and Eichholz and should not have granted summary judgment in favor of the Hale defendants. The trial court, in its discretion, properly allowed plaintiff to file an affidavit in support of her motion to vacate the first summary judgment order. (*Des Plaines Motor Sales Inc. v. Whetzal* (1965), 58 Ill.App.2d 143, 206 N.E.2d 806.) This affidavit was also presented by plaintiff in opposition to the Hale defendants' summary judgment motion.

In these affidavits, plaintiff stated that she did not see the cement parking bumper either immediately before she tripped over it, or just after she alighted from her car after cleaning its windows.

■■■ The purpose of a summary judgment proceeding is not to try an issue of fact. Rather, its purpose is to ascertain whether there is an issue of fact to try. Applying this principle, whether plaintiff saw the cement parking bumper immediately before she tripped over it is a material fact which was not properly determined by the trial court on a summary judgment motion. *Macks v. Macks* (1946), 329 Ill.App. 144, 151, 67 N.E.2d 505, 508-09.

■■ This is not to say that negligence cases involving the reasonableness of a plaintiff's conduct are not within the purview of summary judgment. Where the question of contributory negligence becomes a question of law, its determination is proper on summary judgment. The issue of contributory negligence was decided by summary judgment procedure in *Witzig v. Illinois Power Co.* (1969), 114 Ill.App.2d 139, 251 N.E.2d 902, and *Tuohey v. Yellow Cab Co.* (1962), 33 Ill.App.2d 180, 180 N.E.2d 691. In both of these cases, however, the facts presented satisfied the test for determining whether conduct amounts to contributory negligence as a matter of law. To be guilty of contributory negligence as a matter of law it must appear from the undisputed facts that

all reasonable minds, in the exercise of fair and honest judgment, would be compelled to reach the conclusion that there was contributory negligence. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 229 N.E.2d 504; *Geraghty v. Burr Oak Lanes* (1955), 5 Ill.2d 153, 125 N.E.2d 47.) Such is not the case here on the record before us.

It is undisputed that plaintiff saw the allegedly hazardous parking bumper some time prior to the time she tripped over it. We therefore believe that the facts presented in this appeal are strikingly apposite to those found in *Swenson v. City of Rockford* (1956), 9 Ill.2d 122, 136 N.E.2d 777, and *McCann v. City of Waukegan* (1967), 83 Ill.App.2d 284, 227 N.E.2d 558. Although neither of these cases involve summary judgment, the courts there held that use of a defective sidewalk by a person who has knowledge of the defect is not contributory negligence *per se*.

The opinion expressed herein is not to be construed as approval of a subsequent pleading contradicting a prior sworn statement for the purpose of avoiding summary judgment. In the instant case the prior statement of the witness in her deposition was that she "must have seen" the concrete bumper in question. The subsequent affidavit neither added to or detracted from the prior statement. In *Swenson, supra,* the supreme court in quoting the *Village of Clayton v. Brooks,* 150 Ill. 97, cited with approval a statement therein from Shearman & Redfield, Negligence, § 376, to-wit:

> " 'The mere fact that a traveler is familiar with the road, and knows of the existence of a defect therein, will not impose upon him the duty to use more than ordinary care in avoiding it. * * * Such knowledge is a circumstance, and perhaps a strong one, but it should be submitted, with the other facts of the case, to a jury, for them to determine, whether, with such knowledge, the plaintiff exercised ordinary care in proceeding on a way known to be dangerous, or, in proceeding, used ordinary care to avoid injury.' "

Finally, whether plaintiff will ever be able to prove her freedom from contributory negligence as a matter of fact is not an issue presented in this appeal. The summary judgments entered in favor of the defendants are reversed and the cause is remanded to the trial court for further proceedings.

Reversed and remanded.

T. MORAN and SEIDENFELD, JJ., concur.