MICHAEL EUGENE FISHEL, a Minor, by Charles A. Fishel, his Father and Next Friend, Plaintiff-Appellant, v. K. T. GIVENS, Defendant-Appellee.

Fourth District No. 13568

Opinion filed April 14, 1977.

Knuppel, Grosboll, Becker & Tice, of Petersburg (Eldon H. Becker, of counsel), for appellant.

Rammelkamp, Bradney, Hall & Dahman, of Jacksonville (Robert E. Bradney, of counsel), for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Michael Eugene Fishel, a minor, by his father and next friend, Charles A. Fishel, appeals from an order entering summary judgment in favor of K. T. Givens and against plaintiff, in a personal injury suit.

The action brought by plaintiff was based on the theory of negligence of defendant, and sought recovery for personal injury sustained by plaintiff when an automobile driven by defendant and a mini-bike ridden by plaintiff collided. The trial court granted summary judgment in favor of defendant K. T. Givens on the grounds that at the time of the accident, as a matter of law, defendant was not negligent and plaintiff was contributorily negligent. On appeal in this court, plaintiff contends that the entry of summary judgment was improper on the grounds (1) that the trial court in determining the contributory negligence of plaintiff, applied an erroneous standard of due care, and (2) that the trial court erred in granting summary judgment in favor of defendant generally.

On June 25, 1972 (the date of the incident involved in the case), plaintiff Michael Eugene Fishel was 14 years of age and owned an 80 cc. Gimini mini-bike. Plaintiff, who had owned two other mini-bikes, had experience riding mini-bikes since he was 12 years old. Some time after 6 p.m. on June 25, 1972, at a time when it was still light, plaintiff, David Booth and two other boys decided to ride their mini-bikes on property owned by Art Jones in Beardstown, Illinois. It appeared that Jones was a local trucker, who had given the boys permission to ride their mini-bikes on his property, and that the boys had ridden their bikes there on a regular basis. The Jones' property was "L"-shaped, and was bordered on the south by Garden Avenue, an east-west road. A private, unpaved road proceeded north from Garden Avenue, and took a 90° turn to the west and then proceeded behind the Jones' house. The corner was blind, since it was bordered on the west by a four- to five-foot hedge and on the east by sand piles. The roadway at the point of the corner was variously described as wide enough for two dump trucks to pass through, a narrow squeeze for two cars, and 25 feet wide at the most. Plaintiff and defendant were familiar with the Jones property and knew that the lot was not a public thoroughfare but was used by Jones' trucks.

On the date noted, at about 6:30 p.m., while plaintiff and Booth were riding their mini-bikes on the Jones property, defendant turned his automobile north off of Garden Avenue onto the Jones property. Defendant and Milton LeMaster, who was riding with defendant, were on their way to visit A. C. Jones, at the Jones residence. As defendant operated his automobile at a speed of 8 to 15 miles per hour in a northerly

direction toward the blind curve, Booth and plaintiff, who was following Booth, were proceeding east on the private road, approaching the blind curve from the opposite direction as defendant. As plaintiff approached the curve, he rode his mini-bike on his left, or northern, side of the road at a speed of 10 to 15 miles per hour, about 10 feet behind Booth. As Booth turned the corner, he saw defendant's car and turned around to warn plaintiff. Booth was apparently on the right side of the road since defendant's car passed three or four feet to his left while Booth had three or four feet of road to his right. Plaintiff never saw the car or Booth's warning and struck the right front bumper of defendant's automobile. He was hurled to the edge of the road near the sand pile. Defendant had slowed down when he saw Booth, and was braking his car when the collision occurred. Although the car windows were down, defendant did not hear the mini-bikes prior to seeing Booth.

Plaintiff's action was instituted on July 8, 1974, by plaintiff's father and next friend. The complaint in the case alleged, in count I, negligence on the part of defendant, and, in count II, willful and wanton misconduct on the part of defendant, as bases for recovery. The negligence count of the complaint alleged that at the time of the collision, plaintiff was "in the exercise of due care and caution of a person 14 years of age would use under circumstances similar to those involved in this suit." On July 29, 1974, defendant filed a motion to dismiss count I of the complaint on the ground that count I was legally insufficient because plaintiff, in operating a motor vehicle, was held to the same standard of care as an adult. By court order entered on September 19, 1974, the complaint was amended as to count I, on motion of plaintiff, to allege that plaintiff, at the time of the accident, was in the exercise of due care and caution, and defendant's motion to dismiss count I was withdrawn. On June 26, 1975, defendant filed a motion for summary judgment, supported by the discovery depositions of plaintiff, plaintiff's father, David Booth, and defendant, and by the evidence deposition of Milton LeMaster. In a court order dated September 11, 1975, the trial court allowed defendant's motion for summary judgment, and stated:

"All of the depositions, discovery and evidentiary, have been read by me in toto and clearly reflect that the Plaintiff was contributorily negligent as a matter of law and that the Defendant by the same yardstick was not negligent. There being no genuine issue as to any material fact, the motion for summary judgment is *ALLOWED* and judgment is hereby entered in favor of the Defendant and against the Plaintiffs."

The trial court also ruled that, as a matter of law, a minor operating a mini-bike on private property, such as here involved, is held to the standard of care required of an adult.

■■ ■  Plaintiff first argues, however, that the trial court erred in granting summary judgment, inasmuch as this was not a proper case for summary judgment, since, plaintiff contends, that there existed genuine issues of material fact. In this State, the Illinois Supreme Court has expressed the test for the propriety of summary judgment in *Farmers Automobile Insurance Association v. Hamilton* (1976), 64 Ill. 2d 138, 141-42, 355 N.E.2d 1:

"In *Econo Lease, Inc. v. Noffsinger*, 63 Ill. 2d 390, 393, we said:

'A motion for summary judgment will be granted if the pleadings, depositions, admissions and affidavits on file reveal that there is no genuine issue as to any material fact and that the movant is entitled to a judgment or decree as a matter of law. (Ill. Rev. Stat. 1975, ch. 110, par. 57(3); *Carruthers v. B. C. Christopher & Co.*, 57 Ill. 2d 376.) A reviewing court must reverse an order granting summary judgment if it is determined that a material question of fact does exist.' "

It is also noted, as stated in *Peltz v. Chicago Transit Authority* (1st Dist. 1975), 31 Ill. App. 3d 948, 951, 335 N.E.2d 74, that:

"Merely alleging that a genuine issue of material fact exists without presenting any statement of fact to contradict the defendants' version, does not thereby create such an issue. * * *

If there are no facts in dispute, inferences may be drawn from the undisputed facts to determine if the defendant is entitled to judgment as a matter of law. If no fair-minded person could draw different inferences from these facts, then there is no triable issue and the motion for summary judgment should be granted. (*Southland Corp. v. Village of Hoffman Estates* (1970), 130 Ill. App. 2d 311, 264 N.E.2d 451.) This does not prejudice the party against whom judgment is granted since the same undisputed facts would support entry of a judgment at the conclusion of that party's case."

We note that in the instant case, plaintiff has not demonstrated any conflict of explicit fact, and, in opposing the entry of summary judgment, apparently relies upon the existence of conflicting inferences which could be drawn from the undisputed material facts.

■■  Plaintiff contends that the trial court erred, when determining that plaintiff was contributorily negligent as a matter of law, in measuring plaintiff's conduct by an adult standard of care, rather than by the standard of care of a child of like age, intelligence and experience. The initial complaint was based upon the child's standard of care, but when plaintiff was faced with defendant's motion to dismiss, plaintiff amended his complaint to allege the adult standard of care. As noted in the case of

*People ex rel. Valentine v. Briggs* (1st Dist. 1941), 312 Ill. App. 199, 207, 38 N.E.2d 366:

" 'As a general rule, if a party, after an order or judgment upon demurrer to the pleadings is given against him, under leave of court, amends the pleading demurred to, * * * he acquiesces in the judgment or order upon the demurrer, and will not be permitted to appeal therefrom, or, unless an exception is duly saved, to assign it for error in the appellate court * * *.' "

■■ We also note that it has often been stated in the courts of this State that a party cannot try a case on one theory in the trial court and adopt a different theory in a court of review. As a corollary to this rule, a party cannot allege on appeal error arising from a theory acquiesced in by that party in the trial court. He must adhere to the theory or position accepted by him in the trial or proceedings in the lower court. Since plaintiff, in his amended complaint, acquiesced in the theory that he was to be held to an adult standard of care, the argument that plaintiff need only be in the exercise of the standard of care of a child is not clearly presented to this court. While we would be justified in determining this issue on such grounds, we shall proceed to consider the merits of plaintiff's argument.

■■ It appears that at the time of the accident in question, plaintiff was aged 14 years and 5 months. The general standard for determining the contributory negligence of a child of plaintiff's age was stated in *Dickeson v. Baltimore & Ohio Chicago Terminal R.R. Co.* (1969), 42 Ill. 2d 103, 107, 245 N.E.2d 762, where the court said:

" * * * * in the case of a child above the age of fourteen years the same rule shall be applied to him in that regard as is applied to adults, his intelligence and experience being considered."

The courts, however, have also said, as noted in *Perricone v. DiBartolo* (1st Dist. 1973), 14 Ill. App. 3d 514, 517-18, 302 N.E.2d 637:

"It has been held that when a minor is engaged in certain activities, such as the operation of a motor vehicle, the law does not permit him to be judged by any standard other than that expected of all others who engage in the same activities."

It has been held in *Betzold v. Erickson* (3d Dist. 1962), 35 Ill. App. 2d 203, 182 N.E.2d 342 and in *Dawson v. Hoffmann* (2d Dist. 1963), 43 Ill. App. 2d 17, 192 N.E.2d 695, that a minor operating a truck or an automobile on a public road is held to the same standard of care as an adult. In the case of *Perricone v. DiBartolo* (1st Dist. 1973), 14 Ill. App. 3d 514, 302 N.E.2d 637, a minor operating a mini-bike on a public sidewalk was held to the same standard of care as an adult. Even if we conclude that plaintiff's contributory negligence should have been determined by the standard of care of a child of like age, intelligence and experience, it appears, from

the record, that the trial court properly found plaintiff to be contributorily negligent. Plaintiff had two years experience in riding mini-bikes and had ridden his bike regularly on the Jones' property. Plaintiff was aware that the road on the Jones property, although private, was traveled by vehicular traffic. It is also noted that when plaintiff entered the curve on the left side of the road, he was not proceeding as Booth, his companion, had proceeded, on the right side of the road.

When we consider the standard of care issue and assume that it is before the appellate court and not waived by the pleadings, we also conclude that the trial court was correct in applying the adult standard of care. An annotation of this subject is shown at 97 A.L.R.2d 872, 874-75 (1964), where the annotator announces:

"The 'well settled' principle that a minor, although liable for his negligence, need not have conducted himself with adult prudence and circumspection but need have acted only as a reasonable person of his age and experience would have under similar circumstances is in serious question today insofar as its applicability to minor operators of motor vehicles or other motor-powered devices is concerned. Conscious of the increasing availability of automobiles, motorcycles, powerboats, airplanes, and similar devices to youthful operators, many courts have expressed concern with the fact that these instrumentalities are at least equally as lethal in the hands of an inexperienced teenager as they are when operated by an adult. These opinions emphasize the vast difference in destructive potential between modern motor-powered transportation devices and the usually innocent contrivances available to children in the bygone days when the rule of leniency was formulated."

As we have noted in *Perricone v. DiBartolo* (1st Dist. 1973), 14 Ill. App. 3d 514, 302 N.E.2d 637, the State of Illinois has clearly adopted the "adult standard" rule in cases of children of the age of the plaintiff. In *Betzold v. Erickson* (3d Dist. 1962), 35 Ill. App. 2d 203, 182 N.E.2d 342, the rule was applied to a 13-year-old who was driving an automobile and in *Perricone v. DiBartolo* (1st Dist. 1973), 14 Ill. App. 3d 514, 302 N.E.2d 637, the rule was applied to a 13-year-old who was operating a mini-bike on a sidewalk. In *Perricone*, the 13-year-old mini-bike operator sued a motorist with whom he collided. There, Perricone had been racing his mini-bike at a speed up to 25 miles per hour on a residential sidewalk when he collided with defendant's automobile which was backing across the walk. In that case the trial court directed a verdict (after the plaintiff's case) and the appellate court held that plaintiff was contributorily negligent as a matter of law. While it is true that the court also centered on the fact that the sidewalk is a dangerous place to be driving a mini-bike, the adult

principle to which we have referred was applied. In the instant case, the plaintiff was operating his mini-bike on private property and he knew other motor vehicles used the road. It appears also from the cases, that the most critical factor, in balance, in requiring greater care by minors, seems to be the motor-powered nature of the vehicle which was being operated by the teenager.

We note that in *Betzold v. Erickson* (3d Dist. 1962), 35 Ill. App. 2d 203, 182 N.E.2d 342, the appellate court held that it was error to give Illinois Pattern Instruction, Civil, No. 10.05 (child standard of care instruction) in a case where the minor was a defendant in a motor vehicle case. The court did not, as the A.L.R. annotation suggests, say that such instruction may be proper where the minor is a plaintiff and the issue is contributory negligence. In fact, the "comments" to IPI Civil No. 10.05 (2d ed. 1971) state that the instruction should not be given in a case where a minor is operating a motor vehicle without making the distinction whether he is a plaintiff or a defendant. As we have noted, *Perricone* was a contributory negligence case where the minor was held to an adult standard. We see no basic distinction concerning the applicability of the standard based on whether the minor is a plaintiff or a defendant. While we conclude that the defendant's contention, that the adult standard of care applies to the 14-year-old mini-biker in the instant case, we believe that even if the so-called child standard of care was applied, the court could properly conclude that plaintiff was guilty of contributory negligence.

■■ While the purpose of a summary judgment proceeding is not to try issues of fact, it does ascertain whether there is a fact issue to be tried (*Oglesbee v. Nathan* (2d Dist. 1973), 14 Ill. App. 3d 609, 302 N.E.2d 483). While we agree that contributory negligence is ordinarily a fact question for the jury, where the contributory negligence becomes a question of law through undisputed facts which exist, it may be properly disposed of on summary judgment. (*Witzig v. Illinois Power Co.* (4th Dist. 1969), 114 Ill. App. 2d 139, 251 N.E.2d 902; *Tuohey v. Yellow Cab Co.* (1st Dist. 1962), 33 Ill. App. 2d 180, 180 N.E.2d 691.) In *Witzig* and *Tuohey* the courts of review held that summary judgment was proper since the affidavits, even construed strongly against the movant, as we do, raise no triable issue of fact. We recognize that to be guilty of contributory negligence as a matter of law, it must appear from the undisputed facts that all reasonable minds, exercising fair judgment, would find there has been contributory negligence. *Pedrick v. Peoria & Eastern R.R.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504; *Oglesbee v. Nathan* (2d Dist. 1973), 14 Ill. App. 3d 609, 302 N.E.2d 483.

■■ In applying the standard, we note that plaintiff was unquestionably on his left side of the road and that defendant was in his proper lane on the right side of the road. In the case of *Tuohey v. Yellow*

*Cab Co.* (1st Dist. 1962), 33 Ill. App. 2d 180, 180 N.E.2d 691, the plaintiff was held contributorily negligent as a matter of law for entering an intersection without looking for other cars when an accident with defendant resulted. In the *Tuohey* case, plaintiff was unaware of defendant until the impact. In the instant case, plaintiff never saw defendant's car until the impact. We believe that going around a blind corner in the wrong lane is at least in the same category as entering an intersection without looking, in the determination of whether or not there is contributory negligence as a matter of law. In both instances, plaintiff should have been aware that his actions created a danger, since someone else had the right-of-way. In the instant case, knowledge of the risks and the possible existence of another vehicle with superior rights to use that space, appears to be clear and undisputed evidence of contributory negligence. For that reason, we conclude that the trial court properly allowed the motion for summary judgment on the issue of contributory negligence under the facts in the instant case. It is not necessary that we discuss the conclusion of the trial court as to defendant's lack of negligence, in view of our conclusion as to plaintiff's contributory negligence.

We also conclude that the trial court was correct in granting summary judgment with respect to count II of the complaint, which alleged willful and wanton misconduct by defendant. The uncontradicted evidence indicated that defendant, proceeding at a slow speed along the private road, on the right side, was not aware of plaintiff's presence until it was too late to react. Since there was no genuine issue of material fact, the determination of the trial court on the issue, in granting summary judgment, was proper.

For the reasons stated, the judgment of the Circuit Court of Cass County is affirmed.

Affirmed.

STENGEL, P. J., and STOUDER, J., concur.