THE PEORIA HUMANE SOCIETY

*v.*

LEONARD C. McMURTRIE, Admr. *et al.*

*Opinion filed October 23, 1907.*

1. WILLS—*wills of two persons may be united in single instrument.* The wills of two persons may be united in a single instrument if such instrument can be given effect, on the death of either, as the will of that one; and in such case it may be probated as the will of that one and at the death of the other be again probated as the will of the latter.

2. SAME—*a joint will is ambulatory.* A joint, mutual or reciprocal will, like any other, is ambulatory during the lives of the makers, and it may be revoked by either at any time before his death,—at least as to either maker who has taken no benefit or advantage under the will.

3. SAME—*when an instrument executed as a joint will cannot be probated.* A will executed by two persons, giving to the survivor all the property of the other, and providing that if both should die and no individual will had been made, the property of both should be treated as one and the same and should be disposed of in the manner thereinafter specified, cannot be probated as the will of the survivor, where the maker who died first had married after making the joint will and at his death left an individual will.

APPEAL from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

JACK, IRWIN, JACK & MILES, for appellant.

WINSLOW EVANS, and BARNES & MAGOON, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On January 13, 1890, Mary W. Rouse and Harry G. Rouse, her son, of the county of Peoria,.in this State, were in San Francisco, California, about to take a sea voyage to the Sandwich Islands, and executed their joint and mutual or reciprocal will and testament, the first two clauses of which are as follows:

"Being of sound and disposing mind, we, Mary W. Rouse and Harry G. Rouse, both of the county of Peoria, city of Peoria and State of Illinois, do make and declare this our last will and testament.

"The one of .us surviving the other is to inherit all property, real, personal or mixed, of the other, to be used as the ·survivor may see fit; but should both die, or if when both shall be dead if no individual will has been made, then the property of both shall be treated as one and the same and disposed of as provided below. The one surviving is hereby appointed executor of the other without bond."

The will then provides for the payment of debts, funeral expenses and the cost of making a suitable inscription up-.on a certain monument, and makes bequests and devises to various charities and individuals, and contains a residuary devise and directions to trustees and executors. Among the bequests to charities is one of $7500 to trustees for the appellant, Peoria Humane Society, to be expended in the erection of a public drinking fountain in the city of Peoria, inscribed as erected to the memory of George W. Rouse and dedicated to the city of Peoria, and to be so constructed as to be available not only for mankind, but all animals, large· and small, and horses, both checked and unchecked, The will provides for compensation to the trustees and devises real estate, the income of which is to be used, in part, for maintaining the fountain and in part for other charities. Harry G. Rouse, one of the makers of the will, was married in 1896, and his marriage revoked the will so far as he was

concerned. He died in 1898 or 1899, leaving his wife surviving him, and also leaving his individual last will and testament, executed after his marriage. His individual will was admitted to probate and its provisions were duly executed and his estate was settled. On March 21, 1904, Mary W. Rouse died at Long Beach, California, and on April 14, 1904, letters of administration were issued by the probate court of Peoria county to appellee Leonard C. McMurtrie. On December 12, 1904, the will made by Mary W. Rouse and Harry G. Rouse was presented to said probate court as the will of Mary W. Rouse, with a petition that it be admitted to probate and letters of administration with the will annexed be granted to the public administrator of the said county. Probate was denied by the probate court and by the circuit court on appeal. The will devised real estate in the city of Peoria, and an appeal was allowed to this court.

There is no legal objection to uniting the wills of two persons in a single instrument if such instrument can be given effect, on the death of either, as the will of that one. (*Gerbrich* v. *Freitag,* 213 Ill. 552.) A joint will contained in a single instrument is the will of each of the makers, and at the death of one may be probated as his will and be again probated at the death of the other as the will of the latter. A joint, mutual or reciprocal will, like any other, is ambulatory during the lives of the makers, and it may be revoked by either at any time before his death. The right of revocation cannot be doubted, at least as to either maker who has taken no benefit or advantage under the will. And that was the case here. So far as the instrument was the will of Harry G. Rouse it was revoked by his subsequent marriage, and he also made an individual will, which could have operated as a revocation. The instrument ceased to be his will, and the question to be solved is whether it is now the will of the other maker.

The whole property and estate of that maker who should first die was given to the other, to be used as the survivor

might see fit.   That provision of the will was mutual or reciprocal, and the will having been revoked by Harry G. Rouse, his estate did not pass, by virtue of it, to his mother, Mary W. Rouse.   The remainder of the will was joint, and provided that if the makers should both die, or when both should be dead if no individual will had been made, the property of both should be treated as one and be disposed of as thereinafter provided.   Some of the property specifically disposed of was designated as the property of Harry G. Rouse, but the gifts were all expressed as the joint gifts of the two, and the will throughout shows an intention that it should be a joint will.   That part of the will was to operate only upon certain contingencies.   One of them was, that both of the makers should be dead, and another, that no individual will had been made.   The first contingency upon which the will was to take effect happened, both of the makers being dead; but the further contingency upon which the will was to be operative did not occur, since an individual will was made by Harry G. Rouse.   It is clear that the makers intended that the portion of the will in question should take effect as the will of both or neither, and it was to be operative as a will on condition that neither of the makers should otherwise dispose of his or her property by an individual will.   The property of both makers of the will was to be treated as one and the same, and was to be disposed of as a single estate if no individual will had been made.   The separate property of each was to be a joint fund and devoted to the purposes specified in the will.   Whether the will could have been executed, after the death of both the makers, if the conditions upon which it was to become operative had existed is not here involved and no opinion is expressed on that question.

The circuit court was right in rejecting the will, and the judgment is affirmed.                    *Judgment affirmed.*