LYDA CAMPBELL *et al.,* Plaintiffs-Appellants, *v.* RAYMOND COWDEN *et al.,* Defendants-Appellees.

(No. 12279;

Fourth District—April 4, 1974.

Bach & Laudeman, Ltd., of Bloomington, for appellants.

William C. Wetzel, of Livingston, Barger, Brandt, Slater & Schroeder, and Albert H. Hoopes, both of Bloomington, for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is an appeal from a directed verdict in favor of defendants in an action initiated by plaintiffs to impose a constructive trust on the estate of Nellie Strayer and for an interpretation of the will of Walter S. Strayer, her husband. Plaintiffs contend (1) that the trial judge erred in not finding any evidence of a contract between Nellie and Walter Strayer to execute reciprocal wills and (2) the trial judge erred in interpreting the will of Walter Strayer as conveying a fee simple interest to Nellie Strayer instead of a life estate with a remainder to named individuals.

Walter S. Strayer died on October 2, 1956, and the will executed by him on June 10, 1952, and admitted to probate on November 9, 1956, reads in pertinent part:

"Second: After the payment of such funeral expenses and debts, I will, devise and bequeath all of my property, both real, personal, mixed, or of whatever description, or wherever situated to my beloved wife, Nellie Strayer, to be hers absolutely, and I hereby give her full and complete power and authority to sign and execute any and all deeds or papers, or anything necessary in connection with same.

Third: At the death of my beloved wife, if there are any funds remaining * * * and all remaining funds * * * I will to be divided in nineteen (19) shares as follows * * *

I wish it specifically to be understood that this last Bequest of the residue at the death of my wife, shall not in any wise be construed as limiting her absolute fee ownership in the real estate, or any other property of which I die seized, and that she shall not be limited in any extent in the sale, management, use, disposition, or complete possession and ownership of my property."

Nellie Strayer died on February 22, 1969, and her estate was admitted to probate as an intestate estate on May 20, 1969. Plaintiffs contend in their complaint that on June 10, 1952, Walter S. Strayer and Nellie Strayer entered into a contract to provide for a common scheme of distribution and executed reciprocal wills whereby each left all his property to the other with provisions that the remainder or residue after the death of the last to die would go to 19 named individuals. Therefore, after Walter's death the contract became irrevocably binding on Nellie. The will of Nellie Strayer allegedly executed on June 10, 1952, has been either lost or destroyed.

■■ In examining the propriety of the trial judge's granting of a directed verdict we must look at all the evidence in an aspect favorable to plaintiffs and see whether the evidence so overwhelmingly favors the moving party that no contrary judgment based on that evidence could ever stand. (*Pedrick v. Peoria and Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E. 2d 504.) Cases involving wills which are mutual or reciprocal and not joint generally require proof by clear and convincing evidence that they were the result of a binding contract to be irrevocable. Furthermore, the contract itself must be definite and certain in all its parts. (*In re Estate of Edwards*, 3 Ill.2d 116, 120 N.E.2d 10.) Mutual wills are then generally not of themselves evidence of a contract. (*Jordan v. McGrew*, 400 Ill. 275, 79 N.E.2d 622.) The court must then look closely at the evidence offered in support of such a contract and should weigh it in the most scrupulous manner. *Monninger v. Koob*, 405 Ill. 417, 91 N.E.2d 411.

■■ At the hearing plaintiffs introduced (1) the testimony of a witness who identified the individuals named in the will of Walter S. Strayer and explained the relationship of these individuals to the testator, (2) a certified copy of the will of Walter S. Strayer, (3) a certified copy of the final report and inventory in the estate of Walter S. Strayer, and (4) the testimony of Stella L. Andris and attorney Arlo E. Bane that on June 10, 1952, Walter and Nellie Strayer executed wills with the same provisions. Nevertheless, plaintiffs failed to bring forward any evidence establishing the existence of a contract between Walter and Nellie Strayer for a mutual disposition of their property. At most, the evidence does tend to indicate that mutual or reciprocal wills were executed on

June 10, 1952, by the testators, but the cases are clear that the mere existence of such mutual wills does not lead to a presumption of contract nor is it evidence that such a contract does, in fact, exist. Since the plaintiffs completely failed to establish the existence of a contract or the terms of such contract, it was clearly proper for the trial judge to direct a verdict in favor of defendants.

The trial judge also found that Nellie Strayer received a fee simple absolute interest in the property received by her under the will of Walter S. Strayer. This is clearly the correct interpretation of that will.

■■■ The intention of the testator must be ascertained from an examination of the will itself, and the construction adopted must uphold all the provisions and give effect to all the language used by the testator. Therefore, all repugnancies must be reconciled without adopting an unreasonable or absurd interpretation of the instrument. (*Scott v. Crumbaugh*, 383 Ill. 144, 48 N.E.2d 532.) The will of Walter Strayer conveyed to Nellie Strayer all his real and personal property "to be hers absolutely". This is obviously evidence of an intent to divest himself of all future control of the property. This language is followed by obviously contradictory language implying a power of sale. This apparent inconsistency can be most easily reconciled by attributing it to poor draftsmanship for the testator seemingly intended to use strong language to insure that his wife received a fee interest. Furthermore, in the third paragraph there is what seems to be the conveyance of a life estate with a remainder to the 19 named individuals. However, the testator concludes that paragraph by stating that the bequest of the residue "shall not in any wise be construed as limiting her absolute fee ownership in the real estate, or any other property of which I die seized, and that she shall not be limited in any extent in the sale, management, use, disposition or complete possession and ownership of my property." It would be hard to conceive of any stronger language than this by a testator in attempting to insure that his spouse receives the entire bundle of sticks, *i.e.*, a fee simple absolute interest. The language leaving any remaining funds to the 19 named individuals we construe to be precatory language and simply an indication of the testator's desires, particularly in view of the positive language granting a fee simple interest and the final admonition that the bequest of the residue "shall not in any wise be construed as limiting her absolute fee ownership * * *."

Therefore, the trial judge was correct in directing a verdict as to the constructive trust and in his interpretation of the will of Walter Strayer. Accordingly, the judgment of the lower court is hereby affirmed.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.