JAMES SHERROD, by Shirley Sherrod, his Mother and Next Friend, Plaintiff-Appellant, *v.* CHARLES E. BRANNOCK, Defendant-Appellee.
Fifth District   No. 78-139

Opinion filed December 19, 1978.

Robert V. Wilson, of Harrisburg, and Harris and Lambert, of Marion, for appellant.

James B. Bleyer, of Marion, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff, James Sherrod, appeals from a judgment of the Circuit Court of Saline County directing a verdict in favor of defendant, Charles E. Brannock, and against plaintiff in a personal injury suit.

Plaintiff sought recovery for personal injury sustained when a pickup truck driven by defendant and a minibike ridden by plaintiff collided. The trial court granted a directed verdict in favor of defendant at the close of plaintiff's case on the grounds that plaintiff had failed to adduce any evidence tending to prove the allegations in his complaint that defendant was driving too fast for conditions or was not keeping a proper lookout. On appeal, plaintiff contends that there was sufficient evidence, under the rule of *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 229 N.E.2d 504 (1967), to submit the case to the jury.

The incident in question occurred on July 10, 1974, at which time plaintiff was 15 years of age. On that date, plaintiff was playing at the home of one of his friends, Ellis McCuan, in Harrisburg, Saline County, together with several other children. On that day, the children were riding a minibike, which they had previously constructed, on a circular path around a building situated behind McCuan's house and north of an alley which ran in an east-west direction. Defendant's garage was located approximately 20 feet west of this building, and there was a driveway between the buildings which ran in a north-south direction. The alley was constructed of gravel and was bordered on the north by approximately three feet of grass which also extended along the western side of the McCuan building.

Plaintiff testified that on the day in question, he and the other children were taking turns riding the minibike around the McCuan building on the grass path. When it was his turn, plaintiff began riding the bike along

the west side of the McCuan building and proceeding south toward the alley. Plaintiff stated that he was only a few feet from the building throughout his ride and that he did not have to swing out when he reached the building's southwest corner. As he turned east, plaintiff rode approximately three feet along the south side of the building before colliding with defendant's truck. According to plaintiff, he saw the defendant's truck only a few seconds before the collision. He could not estimate the speed of the truck and estimated his own speed at four to five miles per hour. He related that before the impact, he saw the defendant looking down and then back. Plaintiff was unsure whether the truck was on the gravel part of the alley at the time, but stated that defendant was apparently readying to pull over to the side of his garage.

Plaintiff further testified that he had applied his brakes and was completely stopped on the grass path and sitting upright on the minibike at the time of the collision. According to plaintiff, he was never on the gravel part of the alley until he was thrown into the middle of the alley as a result of the impact. He recalled that after the accident his minibike was under the front wheels of defendant's truck which was then situated in the middle of the alley several feet west of the point of impact. He did not know whether the truck was on the gravel part of the alley before the collision.

Defendant was called by plaintiff to testify as an adverse party under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60). He stated that he was familiar with the alley and was aware that children played in the back of the McCuan residence.

At the close of plaintiff's evidence, defendant moved for a directed verdict. The trial court granted the motion the following day after finding that plaintiff had failed to present any evidence that defendant was driving at an unreasonable rate of speed and not keeping a proper lookout under the circumstances as alleged in the complaint.

■■ The issue presented to us is whether, applying the standard of *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 229 N.E.2d 504 (1967), to the evidence in this case, the trial court erred in directing the verdict in favor of defendant. The court there stated a verdict is to be directed "only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.) Such a circumstance might be encountered, and a verdict properly directed, where plaintiff neglects to introduce any evidence to support his contentions. (*Hahn v. Eastern Illinois Office Equipment Co.*, 42 Ill. App. 3d 29, 355 N.E.2d 336 (4th Dist. 1976).) In applying the standard, courts must draw all reasonable inferences in favor of the opponent of the motion and reject all contrary or explanatory

circumstances. (*Weiner v. Trasatti*, 19 Ill. App. 3d 240, 311 N.E.2d 313 (1st Dist. 1974).) The above standard for directing a verdict established in *Pedrick* is the same standard to be applied by a reviewing court in determining whether or not a trial court has erroneously directed a verdict (*Campbell v. Cowden*, 18 Ill. App. 3d 500, 502, 309 N.E.2d 601, 603 (4th Dist. 1974)).

In the instant cause, plaintiff's allegations of negligence on the part of defendant were directed at the speed of his truck at the time of the collision and the attention he maintained immediately prior to the accident. While no evidence of the actual rate of speed of defendant's truck was adduced by plaintiff, there was testimony that plaintiff had come to a complete stop before the collision and that the truck, minibike and plaintiff traveled several feet after the initial impact. Plaintiff testified that immediately before the collision he heard defendant apply his brakes and, based on plaintiff's version of the incident, it is obvious that defendant's attempt to stop the vehicle was not timely to prevent the collision. In addition, defendant admitted that he knew children played in the area. In view of these facts and under these circumstances, we cannot say with certainty that defendant's speed was reasonable.

Moreover, plaintiff testified that defendant was looking down before the collision. Defendant asserts that plaintiff could have meant that he was looking down at the alley, as he should have done. While this is a logical interpretation, it does not dispel the contrary meaning of the words, as urged by plaintiff, that he was looking down and, therefore, not keeping a proper lookout. More importantly, plaintiff testified that he was on the grassy area and defendant was beginning to pull over to the side of his building prior to the impact. While the evidence of the actual boundaries of the alley and the McCuan property is unclear, it can be reasonably inferred that defendant may have been veering north toward his garage rather than proceeding directly west down the alley at the time of the collision.

■■ Defendant argues that notwithstanding the evidence, or lack thereof, of his negligence, plaintiff failed to prove that he was free from contributory negligence and in the exercise of due care at the time of the accident. On this issue, defendant correctly points out that a minor operating a motor vehicle, such as a minibike, is held to the same standard of care as an adult and all others who engage in the operation of a motor vehicle. (*Fishel v. Givens*, 47 Ill. App. 3d 512, 362 N.E.2d 97 (4th Dist. 1977); *Perricone v. DiBartolo*, 14 Ill. App. 3d 514, 302 N.E.2d 637 (1st Dist. 1973).) We recognize that to be guilty of contributory negligence as a matter of law, it must appear from the undisputed facts that all reasonable minds, exercising fair judgment, would find that there has been contributory negligence. (*Pedrick v. Peoria & Eastern R.R. Co.*;

976

*Oglesbee v. Nathan,* 14 Ill. App. 3d 609, 302 N.E.2d 483 (2d Dist. 1973).) Applying this standard to the instant plaintiff, we note that he testified that he had come to a complete stop before the collision and was situated within a few feet of the McCuan building on the grassy area. We believe that this conduct could be reasonably determined by the jury to be free from negligence.

We are of the opinion that the evidence adduced by plaintiff on the issues of defendant's negligence and plaintiff's own freedom from contributory negligence was sufficient to preclude the entry of a directed verdict for defendant. Under the rule of *Pedrick*, we cannot say that the evidence was so overwhelmingly in favor of defendant as to allow the trial court to remove the factual questions from the consideration of the jury. Accordingly, we reverse the judgment entered on the verdict directed by the trial court.

For the reasons stated, the judgment of directed verdict of the Circuit Court of Saline County is reversed and this cause is remanded for a new trial.

Reversed and remanded.

EBERSPACHER and KUNCE, JJ., concur.